Paul S. Padda, Esq. (NV Bar #10417)
Email: psp@paulpaddalaw.com
PAUL PADDA LAW, PLLC
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: paulpaddalaw.com
Web: thefederaldefenders.com

Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAX PLANNING INSTITUTE, LLC,<br>a Nevada limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>LEROY BRANDON STUERKE,<br>an individual;<br><br>    Defendant. | Case No. _____<br><br>*Demand For Jury Trial* |

## COMPLAINT

This is a civil action seeking monetary, declaratory and injunctive relief.  In support of the relief sought by this Complaint, Plaintiff hereby alleges the following:

I.

### JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1. This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1332 which provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States . . .."

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in  Nevada.

3.      This civil action is brought by Plaintiff pursuant to the common law of the State of Nevada.  This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law causes of action applicable to this civil action.

## II.

## THE PARTIES

4.      Plaintiff, the Tax Planning Institute, LLC ("TPI") is a limited liability company founded and organized under Nevada law.  TPI is registered to transact business with the Nevada Secretary of State as a domestic limited liability company.

5.      Defendant, Leroy Brandon Stuerke, also known informally as Brandon Stuerke (referred to herein as "BS"), is an adult male individual.  On information and belief, BS is a resident of Fort Collins, Colorado.

## III.

## FACTUAL BACKGROUND

6.      TPI was formed in Nevada on or about June 18, 2015.  TPI is a company that provides marketing and informational services to the financial services industry.  TPI is managed by "Blue Ocean Trust1."  The company has three members: the Garuda Family Asset Protection Trust ("Garuda"), Simon Singer ("Singer")(an individual) and Brandon Stuerke (an individual)

7.      According to TPI's Articles of Organization ("Articles") the parties (i.e. members) "intend [the Articles] to control, to the extent stated or fairly implied, the business and affairs of the Company, including the Company's governance structure and the Company's dissolution, winding up, and termination, as well as the relations among the Company's Members . . .."  The Articles further provide "[t]he Manager has the authority or power to take any action he or she deems necessary for the benefit of the Company."  Finally, the Articles provide that "all breaches of [the Articles] are subject to specific enforcement, without prejudice to the right to seek damages or other remedies."

2

8.     According to the Articles, '[t]his Agreement and any questions or other matter related to or arising from this Agreement will be governed by the laws of the State of Nevada."

9.     Beginning in or around June 2015, BS engaged in a number of misrepresentations intended to induce the other members of TPI, Garuda and Singer, to provide him with a membership interest in the company.  Relying upon his misrepresentations, Garuda and Singer agreed to permit BS a membership interest in TPI.  However, contrary to what BS represented to Garuda and Singer, he did not have great success in recruiting prior clientele, did not experience success with another company known as "Advisors Edge Marketing," and did not have the industry success he proclaimed.  Had Garuda and Singer known the truth about BS and had he not engaged in affirmative misrepresentations of fact, he would never have been permitted a membership interest in TPI.

10.    During the existence of TPI, BS has engaged in various acts/omissions that are in direct conflict with his fiduciary obligations owed to TPI.  Both individually and cumulatively, these acts and/or omissions have harmed the financial, reputational and business interests of TPI as well as its other membership.  For instance, since the formation of TPI, BS has overcharged for software services and engaged in misrepresentations in order to disguise his deceitful conduct all in an effort to enrich himself.  Further, BS has over exaggerated "staff expenses" in order to pocket monies/benefits for himself at both the expense of, and harm to, TPI.  Finally, BS has engaged in misrepresentations and deceitful acts intended to steer business away from TPI towards his own company – "Automated Advisor."  While supposedly doing work for TPI and its clientele, BS has in fact engaged in conduct from the inception of the founding of the company intended to enrich himself only.

11.    When confronted about his misrepresentations, deceitful conduct and acts undermining TPI's interests, BS has held hostage proprietary and intellectual property in an effort to silence any objections and/or challenges to his conduct.

3

## IV.

## FIRST CAUSE OF ACTION

### (Breach Of Fiduciary Duty)

12.    Plaintiff realleges and incorporates by reference each and every allegation set forth above in the preceding paragraphs.

13.    Under Nevada law, a member of a limited liability company breaches his/her duty of fiduciary loyalty when (1) there exists a fiduciary relationship, (2) the fiduciary breaches the relationship, (3) the breach is intentional and (4) the breach results in damages.

14.    As a member of TPI and a signatory to its Articles of Organization, BS was entrusted with confidential, proprietary and sensitive information.  BS owed TPI a fiduciary duty of loyalty to act in its best interests.  Instead, BS engaged in various deceitful acts intending to benefit and enrich himself at the expense of TPI.  Specifically, BS engaged in rampant self-dealing, unjust enrichment and usurpation of corporate opportunities that would have benefitted TPI and committed numerous other acts that violated his clear duty to act in TPI's best interests.

15.    As a result of BS's intentional acts, omissions and misrepresentations, TPI has suffered significant financial damages well in excess of $500,000.00 for which it is entitled to compensation.

16.    As a result of BS intentional acts, omissions and misrepresentations, all of which were committed by BS with a guilty mind of oppression, fraud and/or malice, TPI is entitled to an award of punitive damages in an amount no less than $100,000.00.

17.    As a result of BS's ongoing acts of deceit and self-dealing, TPI is entitled to injunctive relief in the form of a declaration from this Court finding that (1) BS is in violation of his duties to TPI and (2) BS should, among other things, immediately return TPI's proprietary and intellectual property which he is improperly withholding.

## V.

## RELIEF REQUESTED

18.    Wherefore, in light of the foregoing, Plaintiff seeks the following relief in this matter:

     a.    Monetary damages in an amount not less than five hundred thousand dollars ($500,000.00);

     b.    An award of punitive damages not less than one hundred thousand dollars ($100,000.00);

     c.    Declaratory and injunctive relief in order to prevent the ongoing harm being committed by Defendant;

     d.    Plaintiffs' costs in this action, including attorney's fees and any interest on judgment permitted by law;

     e.    Such other and further relief as the Court may deem just and proper in this case.

Respectfully submitted,

/s/ *Paul S. Padda*

Paul S. Padda, Esq.

Attorney for Plaintiff

Dated: June 10, 2016

5